**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**COURT FILE NO.: _____**

DOUGLAS WELLS, *on behalf of himself*
*and others similarly situated,*

      Plaintiff

v.

JP MORGAN CHASE BANK, N.A.,

      Defendant

_____

**CLASS ACTION COMPLAINT AND JURY DEMAND**
_____

Plaintiff, Douglas Wells, files this Class Action Complaint and Jury Demand on behalf of himself and a class of persons similarly situated. The allegations herein are based upon Plaintiff's personal knowledge as to his own actions and conduct, and upon information and good-faith belief as to all other matters set forth.

**NATURE OF ACTION**

1.    This is an action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.    Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and artificial or prerecorded voice calls, providing in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –

(A)     to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –

*****

(iii)     to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.  *See Mims v. Arrow Fin. Servs., L.L.C.*, 132 S. Ct. 740 (2012).

4.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

5.     Plaintiff, Douglas Wells, is a natural person who at all relevant times resided in the State of Colorado, County of Jefferson, and City of Wheat Ridge.

6.     Defendant, JPMorgan Chase Bank, N.A., is an entity chartered as a National Bank.

7.     Defendant describes itself on its website as "a leading global financial services firm with assets of $2.3 trillion," operating in more than 60 countries and serving "millions of consumers, small businesses and many of the world's most prominent corporate, institutional and government clients." http://www. jpmorganchase.com/corporate/About-JPMC/about-us.htm.

8.     Defendant's headquarters is located at 1111 Polaris Parkway, Columbus, Ohio 43240.  Defendant may be served at that address.

## FACTUAL ALLEGATIONS

9.      Prior to May 2012, Defendant began placing telephone calls to Plaintiff's cellular telephone number.

10.      Plaintiff, via his counsel, sent Defendant written correspondence dated May 22, 2012, regarding his account ending in 5618, and in such correspondence, notified Defendant that he was represented by counsel and demanded that Defendant cease and desist from engaging in any and all direct communications with Plaintiff, telephonic or otherwise.

11.      The May 22, 2012 letter was written by Tracey Tiedman, an attorney at Weisberg & Meyers, LLC, and sent to Chase Card Services.  It stated, in relevant part:

> Please be advised that this office represents the above-named individual regarding the aforementioned account.
>
> Having been formally notified of our representation, we respectfully demand you not contact our client for any reason.  Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them….. We reserve the right to seek injunctive relief and damages under federal and state law should you fail to honor these directives.

12.      Upon information and good-faith belief, Defendant received Plaintiff's notice of representation and request to cease and desist communications on or before May 28, 2012—the date on which Defendant responded to the May 22, 2012 letter.

13.      Despite Plaintiff's express and unequivocal revocation of consent, if any existed, for Defendant to place any calls to Plaintiff, Defendant placed non-emergency calls to Plaintiff's cellular telephone using an automatic dialing system and/or an artificial or prerecorded voice, including, but not limited to, calls placed on the following dates and times: July 17, 2012 at 3:09 P.M.; July 24, 2012 at 3:09 P.M.; August 14, 2012 at 8:05 A.M.; August 21, 2012 at 11:03 A.M.; August 21, 2012 at 3:13 P.M.; August 22, 2012 at 8:07 A.M.; August 23, 2012 at 2:14 P.M.;

August 29, 2012 at 8:03 A.M.; August 30, 2012 at 10:11 A.M.; and August 30, 2012 at 12:20 P.M.

14.     Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

15.     Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

16.     Defendant did not place any telephone calls to Plaintiff for emergency purposes.

17.     Defendant did not have Plaintiff's prior express consent to call Plaintiff on his cellular telephone number—any consent, if it existed, having been expressly revoked via the May 22, 2012 letter.

18.     Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff voluntarily.

19.     Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff  under its own free will.

20.     Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place each of the telephone calls identified above.

21.     Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place each of the telephone calls identified above.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b), and (c) as a representative of the following Class:

All persons and entities throughout the United States (1) to whom Defendant made or caused to be made calls (2) directed to a number assigned to a cellular telephone, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, from four years prior to the filing of the initial complaint in this action to the present.

23.     The proposed Class specifically excludes the United States of America, the State of Colorado, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Tenth Circuit, and the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

24.     The Class is averred to be so numerous that joinder of all members is impracticable.

25.     The exact number of members of the Class is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

26.     Upon information and good-faith belief, the proposed Class is ascertainable in that the names and addresses of all members of the Class can be identified in business records maintained by Defendant.

27.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class.  Such issues include, but are not limited to:

a)  Defendant's violations of the TCPA as alleged herein;

b) Defendant's use of an automatic telephone dialing system and/or an artificial or prerecorded voice;

c) Defendant's identical conduct particular to the matters at issue;

d) Whether Defendant acted voluntarily, under its own free will, had knowledge that it was using an automatic telephone dialing system and/or an artificial or prerecorded voice, and intended to use an automatic telephone dialing system and/or an artificial or prerecorded voice; and

e) the availability of statutory penalties.

28.     Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent.

29.     Plaintiff and all members of the Class's claims originate from the same conduct, practice, and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each Class member.  Like all proposed members of the Class, Plaintiff received telephone calls from Defendant using an automatic telephone dialing system, and/or an artificial or prerecorded voice, in violation of 47 U.S.C. § 227.  Thus, if brought and prosecuted individually, the claims of each of the members of the Class would require proof of the same material and substantive facts.

30.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interests that are contrary to or in conflict with the members of the Class.

31.     Plaintiff is willing and prepared to serve this Court and the proposed Class.

32.     Plaintiff has retained the services of counsel who are experienced and competent in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect, and otherwise represent Plaintiff and all absent

Class members.

33.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B).  The prosecution of separate actions by individual members of the proposed Class would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

34.     The prosecution of separate actions by individual members of the proposed Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the parties opposing the Class.  Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof, and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the Class.

35.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the proposed Class, making final declaratory or injunctive relief appropriate.

36.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the proposed Class predominate over any questions affecting only individual members.

37.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.  As the damages suffered by individual members of the proposed Class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually redress the wrongs done to them, as the costs of pursuit would far exceed what any one plaintiff or Class member has at stake.  As a

result, very little litigation has been commenced over the controversy alleged in this Complaint, and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions.  Furthermore, the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

38.     There will be no difficulty in the management of this action as a class action.

39.     Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**

40.     Plaintiff repeats and re-alleges each and every allegation above.

41.     Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number.

42.     Defendant willingly or knowingly violated 47 U.S.C. 227(b)(1)(A)(iii) as Defendant was advised that it did not have consent to call Plaintiff's cellular telephone, yet repeatedly used an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number anyway.

43.     As a result of Defendant's violations of 47 U.S.C. 227(b)(1)(A)(iii), Plaintiff and the Class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Determining that this action is a proper class action and designating Plaintiff as class representative of the Class under Federal Rule of Civil Procedure 23;

b)   Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

c)  Enjoining Defendant from continuing its violative behavior with respect to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(b)(3)(A);

d)  Awarding Plaintiff and members of the Class actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)  Awarding Plaintiff and members of the Class treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500.00 per violation, or three times actual damages, whichever is greater;

f)  Awarding Plaintiff and members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

g)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

44.  Plaintiff is entitled to and hereby demands a trial by jury.

Dated:  December 18, 2012.

Respectfully submitted,

 /s/ Tracey N. Tiedman
Tracey N. Tiedman
Aaron D. Radbil
Weisberg & Meyers LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
Telephone: (602) 445 9819
Facsimile: (866) 565 1327
Email: ttiedman@AttorneysForConsumers.com