**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-03292-MSK-MEH

DOUGLAS WELLS, *on behalf of himself
and others similarly situated,*

        Plaintiff,

v.

CHASE BANK USA, N.A.,

        Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential and proprietary information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this action, IT IS ORDERED:

This Stipulated Protective Order (the "Order") is approved by the Parties to the above-captioned action (the "Litigation"), through their respective counsel of record.  In approving this Order, the Parties acknowledge that, through discovery, the Litigation is likely to involve the production of confidential, proprietary and/or private matter, for which special protection is warranted.

    1.    **<u>Scope</u>**

The protections conferred by this Order cover confidential matter designated by the Parties and non-parties pursuant to the terms of this Order.  All copies, excerpts, summaries,

compilations, testimony, conversations, presentations, documents, or records that include, communicate, or reveal designated confidential matter are themselves deemed to constitute confidential matter of the same type whether or not marked or designated as such.

    2.    **Definitions**

    A.    "Confidential": Any Party or non-party may designate "CONFIDENTIAL" any document, response to discovery, or any other Material that is not in the public domain, that the Producing Party or non-party believes in good faith to contain trade secrets or confidential product development, business, financial, strategic planning, security or customer information, and/or the disclosure of which the Party or non-party believes in good faith would create a serious risk of monetary or nonmonetary injury, or breach of security or consumer privacy and, therefore, warrants the protection afforded under this Order for Confidential Material.

    B.    "Counsel (without qualifier)":  Outside Counsel and In-House Counsel (as well as their support staffs).

    C.    "Designating Party": A Party or non-party that designates Material as "CONFIDENTIAL" in connection with the Litigation.

    D.    "Expert": A person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Litigation who is not a past or current employee of a Party or of a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this Litigation.

4819-8292-5074.3

E.     "In-House Counsel": Attorneys who are employees of a Party.

F.     "Material": All matter, items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts or tangible things) that are produced or generated in connection with this Litigation.

G.     "Outside Counsel":  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Litigation.

H.     "Party" and "Parties": Any Party to this Litigation, including all of its officers, directors, employees, consultants, retained Experts and Outside Counsel (and their support staff).

I.     "Privileged Material":  Material protected by any privilege, including but not limited to the attorney-client privilege, the attorney work product doctrine or any other applicable privilege.

J.     "Producing Party":  A Party or non-party that produces Material in connection with this Litigation.

K.     "Professional Vendors": Persons or entities that provide litigation support services to the Parties (e.g., photocopy; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

L.     "Receiving Party": A Party that receives Material in connection with this Litigation.

4819-8292-5074.3

3.      **Duration**

The protections conferred by this Order cover not only Confidential Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by Parties or Counsel to or in Court or in other settings that might reveal Confidential Material.  At trial and in other public proceedings before the Court, the Parties agree that the Party/Parties interested in maintaining the "CONFIDENTIAL" designation need to seek leave to file Confidential Material under seal.

Even after termination of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

4.      **Designating Confidential Material**

A.      <u>Manner and Timing of Designations</u>:  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Material that qualifies for protection under this Order shall be so designated before the Material is disclosed or produced.   Designation in conformity with this Order requires:

i.      <u>For information in documentary form (apart from transcripts of depositions or other proceedings)</u>, that the Producing Party affix the legend "CONFIDENTIAL" by stamping each designated page, if practicable, or otherwise by stamping the title page, CD, DVD, hard drive or other medium containing such designated Material; or as otherwise set forth herein.

A Receiving Party may designate Material produced by a non-party pursuant to a subpoena as "CONFIDENTIAL" by producing a properly designated copy of the Material to all

4

Parties within twenty one (21) calendar days after the Material is initially produced by the non-party.  All Material produced by non-parties in response to subpoenas in this Litigation shall be treated as Confidential during that 21-day period.

A non-party who produces Material in this Litigation may designate the Material as "CONFIDENTIAL" in accordance with this Order, and such Material shall be protected from disclosure to the same extent as other Confidential Material.

A Party or non-party that makes original Material available for inspection need not designate it as "CONFIDENTIAL" until after the inspecting party has indicated which Material it would like copied and produced.  During the inspection and prior to the designation and copying, all of the Material made available for inspection shall be considered Confidential.

Any copies or reproductions, summaries, or other documents or media (*e.g.*, electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in non-confidential general terms) Confidential Material shall also be treated by the Receiving Party as Confidential Material pursuant to this Order.

ii.      Depositions shall be treated as Confidential until thirty (30) days after counsel for any Party receives a copy of the transcript.  During this 30-day period, any Party may designate parts of the transcript "CONFIDENTIAL" by giving written notice to counsel for all Parties of the page(s) and line number(s) of the transcript that are designated and by furnishing a copy of the transcript pages with the appropriate text marked and designated "CONFIDENTIAL" in a way that can be reproduced by photocopying.

B.      <u>Failures to Designate</u>.  Inadvertent production of or failure to designate any Material as Confidential shall not be deemed a waiver of the Producing Party's or non-

party's claim of confidentiality as to such Material, and the Producing Party or non-party may thereafter designate such Material as Confidential within fifteen (15) business days of the discovery of the inadvertent production or failure to designate.

C.    Inadvertent Production of Privileged Material.   Nothing herein shall be deemed to waive or limit any applicable privilege or work-product or other protection, or to affect the ability of a Party to seek relief for an inadvertent disclosure of Material protected by privilege or work product protection.   If a Party inadvertently produces Material that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that Material will not be presumed to constitute a waiver of any applicable privileges or other protection, provided the Producing Party complies with this paragraph.   In such circumstances, the Producing Party must, upon discovery of the inadvertent production, promptly notify in writing all Parties to the action in which the Material was inadvertently produced of the inadvertent production and the basis for the privilege or other protection, and request in writing the return or confirmed destruction of the inadvertently produced privileged or protected Material.   Upon such notification, the Parties shall treat the Material as privileged or protected unless and until the Parties agree otherwise or the Court determines the Material is not privileged or protected.   Within ten (10) business days of receiving such notification, the Receiving Party or Parties shall (a) return the Material to the Producing Party; or (b) confirm in writing to the Producing Party the destruction of all such Material, including all excerpts, summaries, compilations, and other documents or records that include, communicate or reveal Material claimed to be privileged or projected; or (c) notify the Producing Party in writing of the basis for its disagreement that such Material is privileged or protected from disclosure.   In the

6

latter event only, the Receiving Party or Parties may retain one copy of the Material asserted to be privileged for the sole purpose of responding to a motion by the Producing Party to deem the Material privileged or protected from disclosure and shall comply with (a) or (b) above with respect to all other copies of such Material and all other documents or records that include, communicate or reveal Material claimed to be privileged or protected.  Should the Parties be unable to agree on whether the Material is privileged or protected, the Producing Party shall file a motion with the Court within thirty (30) days of its receipt of the Receiving Party's notice of disagreement under (c) above, to deem the Material privileged or protected and to obtain the return of any copy of such Material still held by the Receiving Party.

The Parties shall serve a copy of this Protective Order simultaneously with any discovery request made to a non-party in this Litigation.

5.      **Challenging Confidentiality Designations**

If a Party contends that any Material is not entitled to Confidential treatment, the following procedures apply:

A.      Timing of Challenges.  Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B.      Meet and Confer.  A Party that wishes to challenge a confidentiality designation must do so in good faith and by conferring directly, via voice-to-voice dialogue, email, letter or in person, with the Designating Party.  A request by the challenging Party to meet

7

and confer must be honored by the Designating Party within five (5) business days of the request being made.  In conferring, the challenging Party must identify the Material that is subject to the challenge, the basis for its belief that the confidentiality designation was not proper, and give the Designating Party a reasonable opportunity to review the designated Material, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation.  Unless otherwise agreed, a response to any challenged designation must be received within ten (10) business days of the meet and confer between counsel.

C. <u>Judicial Intervention</u>.  A Party wishing to challenge a Confidential designation may file a motion with the Court within thirty (30) days after receiving the response to the challenged designation, that identifies the challenged Material and sets forth in detail the basis for the challenge.  The burden of persuasion on any such motion shall be on the Party or non-party that has designated Material as Confidential.

D. Notwithstanding any motion challenging the designation of Material as Confidential, all Material shall continue to be treated as they were designated and shall be subject to the provisions hereof unless and until one of the following occurs:

i. the Party or non-party who claims that the Material is Confidential withdraws or changes such designation in writing; or

ii. the Court rules the Material is not entitled to protection as Confidential Material.

4819-8292-5074.3

6.      **Access To And Use Of Confidential Material**

A.      <u>Basic Principles</u>.  A Receiving Party may use Confidential Material that is disclosed or produced by another Party or by a non-party in connection with this Litigation only for prosecuting, defending or attempting to settle this Litigation.  Such Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section 9 below (entitled Final Disposition).  Confidential Material must be stored and maintained by a Receiving Party at a location and in a secure manner ensuring that access is limited to the persons authorized under this Order.

B.      <u>Disclosure of Confidential Material</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential Material to:

i.      the Receiving Party's Outside Counsel of record in this Litigation, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Litigation and Professional Vendors who are reasonably necessary for the processing of the Confidential Material, so long as they do not maintain their own copies of the Confidential Material;

ii.      the officers, directors and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation;

iii.      Experts or consultants of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgement and

9

Agreement to Be Bound by Stipulated Protective Order" in the form attached hereto as **Exhibit A** (the "Acknowledgment");

        iv.        the Court and its personnel;

        v.        court reporters, their staffs and professional vendors of such reporters to whom disclosure is reasonably necessary for this Litigation;

        vi.        Other Party and potential non-party witnesses to whom disclosure is deemed reasonably necessary by Counsel for the prosecution or defense of the Litigation, provided the witness signs the "Acknowledgement and Agreement to be Bound" attached as Exhibit A to this Order before being shown Confidential Material, and provided the witness does not retain any copies of any Confidential Material.  In the event a witness refuses to sign the "Acknowledgement and Agreement to be Bound," he or she may be shown Confidential Material only at a deposition after, on the record of the deposition, stating such refusal, being advised that the following Order applies to him or her, and being read the following: "By order of the Court in this Litigation, you may not disclose in any manner any Confidential Material to any person or entity except in strict compliance with the provisions of this Order, and if you do so, you may be subject to sanctions and punishment by the Court";

        vii.        the author of the document or the original source of the information and the author's attorney if one has been retained; and/or

        viii.        Present and former employees, officers and directors of the Party or non-party producing the Confidential Material.

        C.        Any persons receiving Confidential Material shall not reveal such Material to, or discuss such Material with, any person who is not entitled under this Order to receive such

Material.  If a Party or any of its representatives, including counsel, inadvertently discloses any Confidential Material to persons or counsel who are not authorized to use or possess such Material, the Party shall (a) provide immediate written notice of the disclosure to the Producing Party, and, if different, to the Designating Party and the Party whose Material was inadvertently disclosed, (b) use its best efforts to retrieve all copies of the inadvertently disclosed Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons sign the Acknowledgment.  If a Party or any of its representatives, including Counsel, has actual knowledge that Confidential Material is being used or possessed by a person not authorized to use or possess that Material, regardless of how the Material was disclosed or obtained by such person, the Party or its representative shall provide immediate written notice of the unauthorized use or possession to the Party or non-party whose Material is being used or possessed.

D.     Any disclosure by a Party or non-party of Confidential Material it produced and designated as such shall be in accordance with the terms and requirements of this Order.  Otherwise, the disclosed Confidential Material may be deemed by the Court to have lost its confidential status.

7.     **Confidential Material Subpoenaed Or Ordered Produced In Other Litigation**

If a court or government agency subpoenas or orders production of Confidential Material from a Party to the Litigation, such Party shall promptly  notify the Designating Party, in writing immediately and in no event more than ten (10) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  Nothing in this

4819-8292-5074.3

Order shall be construed as authorizing a Party to disobey a lawful subpoena issued in another action.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this Litigation an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.   The Designating Party shall bear the burdens and the expenses of seeking protection of its Confidential Material in that court, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful subpoena or directive from another court.

8.   **Filing Confidential Material**

A Party that seeks to file under seal any Confidential Material must comply with D.C.COLO.L.CivR 7.2.  If any papers to be filed with the Court contain Confidential Material, the proposed filing shall be accompanied by an application to file the Confidential Material under seal.

9.   **Final Disposition**

All provisions of this Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of the Litigation (including any appellate

4819-8292-5074.3

review), until a Designating Party agrees otherwise in writing or a court order otherwise directs. Upon conclusion of the Litigation, a party in the possession of Confidential Material, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either:  (a) return such Material no later than sixty (60) days after conclusion of the Litigation to counsel for the Producing Party who provided such Material, or (b) destroy such Material upon consent of the Producing Party who provided the Material and certify in writing within sixty (60) days that the Material has been destroyed.

        10.    **Miscellaneous**

        A.    <u>Redaction of Confidential Material</u>.  If Material contains both Confidential Material and non-confidential Material, the Receiving Party may make copies of the Material that are redacted in such a manner as to completely remove the Confidential Material.  Material so redacted is not subject to this Order, notwithstanding that it may contain the appropriate legend designating it as "CONFIDENTIAL."  Nothing in this Paragraph shall be a waiver of the "CONFIDENTIAL" designation by the Designating Party for any Confidential Material that is redacted pursuant to this Paragraph.  A Receiving Party who elects to redact Confidential Material pursuant to this Paragraph shall do so in good faith, using reasonable care, and will be subject to any and all remedies available to the Producing Party for failing to completely and/or effectively redact Confidential Material, whether by inadvertence or otherwise.

        B.    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.  This Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

4819-8292-5074.3

C.    <u>Right to Assert Other Objections</u>.  By the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the Material covered by this Order.

 APPROVED AS TO FORM:


<u>s/ Tracey N. Tiedman</u>                             KUTAK ROCK LLP
Tracey N. Tiedman, Esq.
Aaron D. Radbil, Esq.                     By: <u>s/ Jeremy D. Peck</u>
Weisberg & Meyers LLC                          John H. Bernstein, Esq.
5025 N. Central Ave., #602                     Jeremy D. Peck, Esq.
Phoenix, AZ 85012                              1801 California Street, Suite 3100
Telephone: (602) 445-9819                      Denver, CO 80202
Facsimile: (866) 565-1327                      Telephone: (303) 297-2400
ttiedman@AttorneysForConsumers.com             Facsimile: (303) 292-7799
                                               john.bernstein@kutakrock.com
*Attorneys for Plaintiff Douglas Wells*        jeremy.peck@kutakrock.com

                                          *Attorneys for Defendant Chase Bank USA,*
                                          *N.A.*



                              * * * *


SO ORDERED this 25th day of March, 2013.

                              BY THE COURT:

                              Michael E. Hegarty


                              Michael E. Hegarty
                              United States Magistrate Judge


14

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY
STIPULATED PROTECTIVE ORDER**

Before me personally appeared _____ (the "Affiant") who states under oath:

1.      I acknowledge receipt of a copy of the Stipulated Protective Order (the "Protective Order") dated _____, 2013, in the action entitled <u>Douglas Wells, on behalf of himself and other similarly situated, v. Chase Bank USA, N.A.</u>, Case No. 1:12-cv-03292-MSK-MEH (the "Action"), currently pending in the United States District Court for the District of Colorado (the "Court").

2.      I have read and reviewed the Protective Order and understand its provisions.  I agree that I will be bound by the Protective Order with respect to any confidential material provided to me under the terms thereof.

3.      I agree that, if I receive any confidential material, I will comply with the terms of the Protective Order and will not disclose any such material, except as permitted by the Protective Order.

4.      I further understand that, if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the Court and I hereby consent to personal jurisdiction in the United States District Court for the District of Colorado with respect to any matter relating to or arising out of the Protective Order, even if such enforcement proceedings occur after termination of the Action.

Affiant, _____
[Signature]

STATE OF _____        )
                                                     ) ss.
COUNTY OF _____        )

The foregoing instrument was acknowledged before me, a notary public, this _____ day of _____ 2013, by _____ as _____. Witness my hand and official seal.

[ S E A L ]                          _____
                                            Notary Public

My commission expires: _____

15